IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAMIRO ALCALA,
*as Personal Representative of the*
*Estate of Diego Eguino-Alcala*,

    Plaintiff,

v.                                                                   Civ. No. 22-755 WJ/GBW

ARTURO ORTEGA, *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on Defendants Deputy Sheriff Arturo Ortega, Board of County Commissioners of the County of Dona Ana, and Kimberly Stewart's Amended Motion to Stay Discovery Pending a Ruling on Qualified Immunity [Doc. 34] ("the Motion"). *Doc. 37.* Defendants Ortega and Board of County Commissioners of the County of Dona Ana[1] request the Court to stay discovery pending a ruling on Defendants' Amended Motion and Memorandum in Support of Partial Summary Judgment and Qualified Immunity Against Counts I, II, and IV (*doc. 34*). *Id.* The Court, having reviewed the Motion and noting Plaintiff's lack of opposition to staying discovery for the pendency of Defendants' motion for partial

---

[1] The Motion indicates that it is also joined by Kimberly Stewart, but Defendant Stewart was dismissed from this action by stipulation on October 13, 2022. *See doc. 4*.

summary judgment, and being otherwise fully apprised as to the matter, GRANTS the motion.

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but also from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

In light of the above, the Court hereby GRANTS the Motion. Discovery is HEREBY STAYED for the pendency of Defendants' Amended Motion and Memorandum in Support of Partial Summary Judgment and Qualified Immunity Against Counts I, II, and IV (*doc. 34*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE