IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAMIRO ALCALA, as Personal
Representative of the ESTATE OF
DIEGO EGUINO-ALCALA, deceased,

      Plaintiff,

v.                                                      No. 2:22-cv-755 WJ/JHR

DEPUTY SHERIFF ARTURO ORTEGA,
BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF DOÑA ANA, and
KIMBERLY STEWART,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS COUNT V**

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss Count V, filed November 17, 2023 (**Doc. 67**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is **GRANTED**.

**BACKGROUND**

During the November 2, 2023, telephonic status conference, Plaintiff and Defendant agreed that Count V is a § 1983 municipal liability claim (**Doc. 71 at 2**). *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978). The Parties' latest briefings (**Docs. 67 & 71**) address the remaining issue of Plaintiff's *Monell* claim against Board (**Doc. 52 at 13–14**). Defendants moved to dismiss Count V of the Plaintiff's Fifth Amended Complaint (**Doc. 50**) for failure to state a claim upon which relief can be granted.

Defendants' assert that Plaintiff's claim is not plausible given the "absence of a constitutional violation." **Doc. 67 at 2**. Plaintiff agrees that "as a general matter, there can be no

municipal liability under Section 1983 without an underlying constitutional violation." **Doc. 71 at 3**. But Plaintiff nevertheless contends Count V should not be dismissed because "the Court erred" in concluding Defendant Ortega did not violate Mr. Eguino-Alcala's Fourth Amendment rights (**Doc. 71 at 3–4**). However, if the Court grants Defendants' motion to dismiss, Plaintiff requests that the state law claims be remanded to state court. *Id.* **at 4**.

## DISCUSSION

A municipality (including a sheriff, in this case) may be held liable under 42 U.S.C. § 1983 for its unconstitutional or illegal policies. *See Monell*, 436 U.S. at 694. Section 1983 municipal-liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Therefore, to state a claim against a county, a Plaintiff must allege facts showing that an official policy was the moving force behind the injury alleged. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). A sufficient *Monell* claim requires proof of: (1) an official policy or custom, (2) causation, and (3) deliberate indifference. *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020).

In its prior ruling (**Doc. 66**), the Court found that Defendant Ortega did not violate Mr. Eguino-Alcala's rights nor did Plaintiff demonstrate a violation of a clearly established right.[1] Absent the predicate tortious act amounting to a violation of Plaintiff's rights, Defendants cannot

---

[1] Plaintiff acknowledges the Court "determined that Defendant Ortega did not violate Diego Eguino-Alcala's constitutional rights." **Doc. 71 at 3 n.2**. At the same time, however, Plaintiff "does not understand [the Court's MOO] as indicating" whether Defendant Ortega violated clearly established law. *Id*. A court has the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first"—as either issue is dispositive on the issue of qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877–78 (10th Cir. 2014) ("The record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity.") (cleaned up). The Court granted summary judgment on the basis of qualified immunity because it found there was no constitutional violation and the Plaintiff failed to show a violation of clearly established law (**Doc. 66 at 17–18**).

be held liable[2] for the existence of an unconstitutional official policy or custom that were the moving force behind the alleged injury. *Monell*, 436 U.S. at 694. The § 1983 claim against Defendants must therefore be dismissed. *See Crowson v. Washington Cnty., Utah*, 983 F.3d 1166, 1187 (10th Cir. 2020) (explaining a municipal liability claim cannot exist "without a showing of a constitutional violation").

## CONCLUSION

This Court, having dismissed the remaining federal claim in this case, declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Sawyer v. County of Creek*, 908 F.2d 663, 668 (10th Cir. 1990).

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Dismiss (**Doc. 67**), is **GRANTED** as follows:

(1) Count V (§ 1983 municipal liability *Monell* claim) is **DISMISSED** with prejudice for the reasons described above; and

(2) Counts I, II, and III (Battery, Negligence Resulting in Battery, and Failure to Comply with Statutory Duties), are hereby **REMANDED** to the Third Judicial District Court, County of Doña Ana.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Another avenue for a *Monell* claim is that "the combined acts or omissions of several employees acting under a governmental policy or custom" violated an individual's constitutional rights. *Garcia v. Salt Lake Cnty.*, 768 F.2d 303, 310 (10th Cir. 1985). Here, the Estate failed to raise this argument—instead relying on the existence of an individual constitutional violation. This argument is therefore waived. *See Est. of Burgaz v. Bd. of Cnty. Comm'rs for Jefferson Cnty., Colo.*, 30 F.4th 1181, 1190 (10th Cir. 2022); *Est. of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1275 n.20 (10th Cir. 2022).